NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-3001

_____

ADEBODUN ADEBOMI IDOWU,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of a Final Order
Of the Board of Immigration Appeals
(BIA No.:  A204-892-773)
Immigration Judge:  Audra Behne

_____

Submitted Under Third Circuit LAR 34.1(a)
on November 14, 2022

Before: AMBRO, KRAUSE, and BIBAS, Circuit Judges

(Opinion Filed:  December 1, 2022)

_____

OPINION*

_____

**AMBRO**, Circuit Judge.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Petitioner Abebodun Abebomi Idowu seeks review of an order by the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his request for withholding of removal under 8 U.S.C. § 1231(b)(3) and for relief under the Convention Against Torture ("CAT"). For the following reasons, we deny the petition for review.

## I.

Idowu is a native and citizen of Nigeria. For a time, he was a conditional lawful permanent resident based on his marriage to a United States citizen. However, in 2017, the United States Citizenship and Immigration Services found "overwhelming evidence" that his marriage was not bona fide and terminated his status. A.R. 233. A year later, Idowu was charged and convicted for money laundering and conspiracy to commit money laundering, for which he was sentenced to 16 months in prison. Following his conviction, the Department of Homeland Security ordered Idowu administratively removed from the United States under INA § 238(b). He then sought withholding of removal and CAT relief based on claimed fear of torture in Nigeria.[1] Before an IJ, Idowu testified that his money laundering co-conspirators were Boko Haram members who had coerced him into criminal activity before he left Nigeria. He alleged that he would be subject to grave harm if forced to return to Nigeria and that the police and local authorities would acquiesce.

On June 11, 2019, the IJ denied Idowu's applications for relief. She held that Idowu's money laundering conviction constituted a particularly serious crime, rendering

---

[1] Idowu also initially sought asylum but abandoned that relief before the agency and on appeal.

him ineligible for withholding of removal and CAT relief. She also found Idowu's testimony not credible based on multiple inconsistencies and omissions in his claims.

The BIA dismissed the appeal. In doing so, it agreed with the IJ's adverse credibility determination, ruling that Idowu had "not demonstrated that the individuals he claims will torture him, that is, his co-conspirators or individuals acting in league with them, are in fact members of or in any way affiliated with Boko Haram." A.R. 6. Absent such a showing, the BIA agreed with the IJ that Idowu could not show eligibility for withholding of removal or CAT relief. The BIA also rejected his ineffective assistance of counsel claim, observing that he had failed to demonstrate "that his previous counsel's performance was deficient." A.R. 7. It added that "even if [Idowu] had shown that his previous counsel's performance was deficient, he ha[d] not shown that he was prejudiced by it." A.R. 7.

Idowu filed a counseled petition for review with us.[2]

## II.

The IJ and BIA found Idowu not credible, thereby precluding him from offering sufficient evidence to demonstrate past persecution or a well-founded fear of future persecution, much less torture. We review this factual determination under the "highly deferential" substantial evidence standard. *Sunuwar v. Att'y Gen.*, 989 F.3d 239, 247 (3d Cir. 2021). We affirm "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (quoting 8 U.S.C.

---

[2] We have jurisdiction over the petition for review under 8 U.S.C. § 1252. Where, as here, the "BIA adopted the findings of the IJ and also commented on the sufficiency of the IJ's determinations, [we] review[] the decisions of both the BIA and the IJ." *Santana Gonzalez v. Att'y Gen.*, 506 F.3d 274, 276 (3d Cir. 2007).

3

§ 1252(b)(4)(B)).  Where, as here, a petitioner challenges an adverse credibility finding "based on inconsistencies in his testimony, or between his testimony and other evidence," he "must do more than offer a plausible explanation for his inconsistent statements; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Sunuwar*, 989 F.3d at 247 (citing *Pan v. Holder*, 737 F.3d 921, 930 (4th Cir. 2013)) (emphasis in original) (cleaned up).

Applying the appropriate standard of review, we will uphold the agency's adverse credibility determination as supported by substantial evidence.  The IJ identified "significant inconsistencies" between Idowu's testimony, declaration, documentary evidence, and reasonable fear interview.  A.R. 138.[3]  The BIA, for its part, cited to unexplained discrepancies and omissions going to the heart of his claims for relief.[4]  From our review of the record, a reasonable factfinder would not be compelled to reach a different conclusion, notwithstanding Idowu's asserted corroborating evidence and plausible explanations.  *See Sunuwar*, 989 F.3d at 247.  That Idowu weighs his own credibility favorably does not warrant overturning the agency's decision.  *See id.* at 250–51.

---

[3] Among other things, Idowu made contradictory statements about the Nigerian police's response to his alleged beating by Boko Haram, misremembered the number of days he spent in the hospital following the alleged beating, and referred to his alleged rescuer as a "family member," a "neighbor," and "some member of the area" at various times.

[4] Among other things, Idowu did not mention Boko Haram as part of his pre-sentence investigation despite alleging before the agency that the organization forced him to launder money.  He also gave vastly differing accounts of encounters with his co-conspirators.

Idowu's adverse credibility determination dooms his request for relief.[5] *See Dia v. Ashcroft*, 353 F.3d 228, 247 (3d Cir. 2003) (en banc) ("An alien has the burden of supporting his claim for relief from removal.  An alien's credibility, by itself, may satisfy his burden, or doom his claim."); *Muhanna v. Gonzales*, 399 F.3d 582, 589 (3d Cir. 2005) (citing *Dia*, 353 F.3d at 247) ("Thus, an alien's credibility, by itself, may satisfy his burden or doom his claim as to both withholding of removal and protection under the Convention.") (cleaned up).  Although we have suggested that an adverse credibility determination will not always preclude relief if there exists independent evidence in support of a petitioner's claims, *see Tarrawally v. Ashcroft*, 338 F.3d 180, 188 (3d Cir. 2003), the only independent, non-testimonial evidence connecting Idowu to Boko Haram is a "threat letter" of questionable origin sent to him shortly after he first learned he was subject to removal proceedings.  In view of the record and the agency's adverse credibility determination, we agree that this documentary evidence does not warrant relief.

## III.

Aside from his factual challenges, Idowu claims constitutional error—a violation of his due process right to the effective assistance of counsel.  We review this legal claim *de novo*, *Contreras v. Att'y Gen.*, 665 F.3d 578, 583 (3d Cir. 2012), asking "(1) whether competent counsel would have acted otherwise, and, if yes, (2) whether the alien was

---

[5] While Idowu argues at some length that his conviction does not qualify as a particularly serious crime that bars him from the relief he seeks, we need not reach that issue.  The IJ's adverse credibility determination is dispositive of his claims.

prejudiced by counsel's poor performance." *Rranci v. Att'y Gen.*, 540 F.3d 165, 175 (3d Cir. 2008) (quoting *Fadiga v. Att'y Gen.*, 488 F.3d 142, 157 (3d Cir. 2007)).

On the first prong, we conclude that Idowu's adverse credibility determination was the product of evidence not attributable to his counsel's performance. We add that his suggestion that additional corroborative evidence would have altered the adverse credibility determination is speculative and unsupported by the record. We therefore reject his ineffective assistance of counsel claim and need not reach the issue of prejudice.

*\* \* \* \* \**

For these reasons, we deny Idowu's petition for review.

6